Filing # 131490669 E-Filed 07/27/2021 01:40:41 PM

IN THE CIRCUIT COURT OF THE 6TH
JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

CASE NO.: 522021CA001511XXCICI

DEBORAH DOHERTY, as Personal
Representative of the Estate of JOHN
COGGESHALL,

        Plaintiff,

vs.

PATRICK MANOR INCORPORATED, a
Foreign for Profit Corporation,

        Defendant.
_____/

## SUMMONS:

THE STATE OF FLORIDA
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

    PATRICK MANOR INCORPORATED, a Foreign for Profit Corporation
    **By serving its Registered Agent:**
    Theresa L. Putnam
    896 73rd Avenue North
    Saint Petersburg, FL 33702

Each defendant is required to serve written defenses to the complaint or petition on **Lindsey E. Gale, Plaintiff's attorney, whose address is Domnick Cunningham & Whalen., 2401 PGA Boulevard, Suite 140, Palm Beach Gardens, Florida 33410, service email: EService@dcwlaw.com** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of Court, Circuit Civil Division, , either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2021.

JUL 29 2021
CLERK OF THE CIRCUIT COURT (SEAL)

BY: _M. Lagros Soto_____
    Deputy Clerk

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

EXHIBIT A

***ELECTRONICALLY FILED 07/27/2021 01:40:38 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT

This notice is provided pursuant to Administrative Order No. 2.207-9/12

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Germaine English, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con Germaine English, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Germaine English, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 123687695 E-Filed 03/24/2021 02:07:28 PM

IN THE CIRCUIT COURT OF THE 6TH
JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

CASE NO.:

DEBORAH DOHERTY, as Personal
Representative of the Estate of JOHN
COGGESHALL,

        Plaintiff,

vs.

PATRICK MANOR INCORPORATED, a
Foreign for Profit Corporation,

        Defendant.
_____/

## COMPLAINT

Plaintiff, DEBORAH DOHERTY, as Personal Representative of the Estate of JOHN COGGESHALL, files this Complaint against Defendant PATRICK MANOR INCORPORATED, a Foreign for Profit Corporation, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of thirty thousand dollars ($30,000.00), exclusive of interest and costs, and therefore, this Court has jurisdiction.

2. The cause of action accrued in St. Petersburg, Florida, therefore, under Section 47.011 *Florida Statutes*, venue is proper in Pinellas County, Florida.

3. This action is being brought by Plaintiff for violations of Chapter 429, *Florida Statutes*, against Defendant.

4. Pursuant to Chapter 429, *Florida Statutes*, all pre-requisites to bringing this action have been satisfied or waived prior to service of this Complaint.

5.     This action is being brought within the applicable statutes of limitations and pre-suit tolling periods.

## THE PARTIES

6.     At all times material hereto, John Coggeshall was a resident of Pinellas County, Florida, and was otherwise *sui juris*.

7.     At all times material hereto, Plaintiff, Deborah Doherty is the Personal Representative or the Prospective Personal Representative of the Estate of John Coggeshall, and is otherwise *sui juris*.

8.     At all times material hereto, Defendant, Patrick Manor Incorporated (Patrick Manor), is a foreign for profit corporation, with its principal place of business located in Pinellas County, Florida.

9.     At all times material hereto, Defendant Patrick Manor, owned, operated, and managed the assisted living facility that was licensed under Chapter 429, *Florida Statutes*, doing business as Patrick Manor Inc. located at 896 73rd Ave. N., St. Petersburg, FL 33702.

## FACTS GIVING RISE TO CLAIMS

10.    On or about February 9, 2020, John Coggeshall was admitted to and became a resident of Patrick Manor.

11.    As a resident at the ALF, in or around April 2020, John Coggeshall tested positive for COVID-19.

12.    John Coggeshall's condition deteriorated, and he ultimately died on May 15, 2020.

## COUNT I – NEGLIGENCE
## AGAINST PATRICK MANOR INCORPORATED

13. Plaintiff realleges paragraphs 1–12, as if fully set forth herein and further alleges as follows:

14. At all times material hereto, Defendant Patrick Manor, owned, operated, and/or managed an assisted living facility known or doing business as Patrick Manor, Inc. and accepted Medicare and Medicaid payments for services rendered to residents, including John Coggeshall.

15. At all times material hereto, Patrick Manor, owned, operated, and/or managed said assisted living facility, which was licensed as an assisted living facility pursuant to Chapter 429, *Florida Statutes*.

16. At all times material hereto, Patrick Manor held itself out to the public, including to John Coggeshall and his family, as an assisted living facility that owed a duty to provide reasonable care and services within the applicable standards of care, including protecting the rights guaranteed under Chapter 429, *Florida Statutes*.

17. At all times material hereto, Patrick Manor employed, retained, held out, or contracted with individuals, employees, agents, apparent agents, and/or contractors, who owed a duty to provide reasonable care services within the applicable standards of care, including protecting the rights guaranteed under Chapter 429, *Florida Statutes*.

18. At all times material hereto, Defendant Patrick Manor owed a duty pursuant to Section 429.28 of the Florida Statutes, to implement, respect, and provide John Coggeshall with the enumerated rights contained within that section.

19. Defendant Patrick Manor provided negligent care, and violated John Coggeshall's rights under Chapter 429, *Florida Statutes*, by:

    a. Failing to implement proper infection protocol(s) within the facility;

3

    b.    Failing to provide a healthy, disease-free environment for Mr. Coggeshall;

    c.    Failing to perform regular testing on staff to ensure COVID-19 did not spread within the facility from staff member to staff member or resident;

    d.    Failing to take all necessary precautions to prevent residents from contracting COVID-19;

    e.    Failing to enforce staff's correct and continued use of PPE equipment;

    f.    Failing to prevent outsiders from coming into the facility despite "lockdown";

    g.    Failing to protect Mr. Coggeshall from foreseeable harm causing death;

    h.    Failing to uphold the rights of the resident under Section 429.28, *Florida Statutes*;

    i.    Failing to provide care and treatment to Mr. Coggeshall within the standard of care; and

    j.    Failing to act reasonably in light of the circumstances.

20.    The above rights violations were committed by the employees, agents, and/or apparent agents of Patrick Manor within the course and scope of their employment, agency, and/or apparent agency.

21.    As a direct and proximate result of the negligent acts or omissions by Defendant Patrick Manor, by and through its employees, agents, apparent agents, and/or contractors, John Coggeshall suffered past, present, and future damages including, but not limited to, bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a pre-

existing medical condition. These losses are from the time of the negligence act until the time of his death.

22. As a direct and proximate result of the acts or omissions of Patrick Manor, the beneficiaries and survivors of John Coggeshall suffered the loss of support and services, companionship, and society of the decedent from the date of the negligent act until the date his death.

WHEREFORE, Plaintiff, DEBORAH DOHERTY, as Personal Representative of the Estate of JOHN COGGESHALL, demands judgment against Defendant, PATRICK MANOR INCORPORATED, for all damages allowed by law, including interest and costs where appropriate, and demands trial by jury as a matter of right.

## COUNT II – WRONGFUL DEATH
## AGAINST PATRICK MANOR INCORPORATED

23. Plaintiff realleges paragraphs 1–12, as if fully set forth herein and further alleges as follows:

24. At all times material hereto, Defendant Patrick Manor, owned, operated, and/or managed an assisted living facility known or doing business as Patrick Manor Inc. and accepted Medicare and Medicaid payments for services rendered to residents, including John Coggeshall.

25. At all times material hereto, Patrick Manor, owned, operated, and/or managed said assisted living facility, which was licensed as an assisted living facility pursuant to Chapter 429, *Florida Statutes*.

26. At all times material hereto, Patrick Manor held itself out to the public, including to John Coggeshall and his family, as an assisted living facility that owed a duty to provide reasonable care and services within the applicable standards of care, including protecting the rights guaranteed under Chapter 429, *Florida Statutes*.

27. At all times material hereto, Patrick Manor employed, retained, held out, or contracted with individuals, employees, agents, apparent agents, and/or contractors, who owed a duty to provide reasonable care services within the applicable standards of care, including protecting the rights guaranteed under Chapter 429, *Florida Statutes*.

28. At all times material hereto, Defendant Patrick Manor owed a duty pursuant to Section 429.28 of the Florida Statutes, to implement, respect, and provide John Coggeshall with the enumerated rights contained within that section.

29. Defendant Patrick Manor provided negligent care, and violated John Coggeshall's rights under Chapter 429, *Florida Statutes*, by:

   a. Failing to implement proper infection protocol(s) within the facility;

   b. Failing to provide a healthy, disease-free environment for Mr. Coggeshall;

   c. Failing to perform regular testing on staff to ensure COVID-19 did not spread within the facility from staff member to staff member or resident;

   d. Failing to take all necessary precautions to prevent residents from contracting COVID-19;

   e. Failing to enforce staff's correct and continued use of PPE equipment;

   f. Failing to prevent outsiders from coming into the facility despite "lockdown";

   g. Failing to protect Mr. Coggeshall from foreseeable harm causing death;

   h. Failing to uphold the rights of the resident under Section 429.28, *Florida Statutes*;

   i. Failing to provide care and treatment to Mr. Coggeshall within the standard of care; and

   j. Failing to act reasonably in light of the circumstances.

30. The above rights violations were committed by the employees, agents, and/or apparent agents of Patrick Manor within the course and scope of their employment, agency, and/or apparent agency.

31. As a direct and proximate result of the negligent acts or omissions by Defendant Patrick Manor as described above, John Coggeshall contracted COVID-19 from a staff member or resident at Patrick Manor and wrongfully died.

32. As a direct and proximate result of John Coggeshall's wrongful death, his survivors have suffered mental pain and suffering, and will continue to suffer for the rest of their lives. As statutory beneficiaries and survivors, they have incurred medical and funeral expenses as a result of John Coggeshall's death, and have suffered the loss of John Coggeshall's love and companionship.

33. As a direct and proximate result of the acts or omissions of Defendant Patrick Manor, Deborah Doherty, as Personal Representative of the Estate of John Coggeshall, deceased, makes a claim for the following damages as a result of the wrongful death of John Coggeshall:

   a. Funeral expenses;

   b. Medical and hospital expenses;

   c. Loss of net accumulations;

   d. Loss of earnings;

   e. The mental pain and suffering the decedent's survivors, as a result of the death of John Coggeshall, as well as the loss of support and services the beneficiaries and survivors would have ordinarily had but for the foregoing described untimely death of John Coggeshall, as well as the loss of

companionship, protection, instruction and guidance of decedent, John Coggeshall; and

f.  All damages recoverable under the *Florida Wrongful Death Act*.

WHEREFORE, Plaintiff, DEBORAH DOHERTY, as Personal Representative of the Estate of JOHN COGGESHALL, demands judgment against Defendant, PATRICK MANOR INCORPORATED, for all damages allowed by law, including interest and costs where appropriate, and demands trial by jury as a matter of right.

DATED this 24th day of March, 2021.

*/s/ Lindsey E. Gale*
Lindsey E. Gale, Esq.
Fla. Bar No: 1003258
Domnick Cunningham & Whelan
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL  33410
Phone:  561-625-6260
Email:  eservice@dcwlaw.com